UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LORETTA P. HERBERT MALONE,

      CASE NO.:

    Plaintiff,

vs.

WAL-MART STORES EAST LP,

    Defendant.
_____/

## DEFENDANT'S PETITION FOR REMOVAL

COMES NOW Defendant, WAL-MART STORES EAST, LP, by and through their undersigned counsel hereby petitions for Removal of the above-styled action from the Circuit Court of the Eleventh Judicial Circuit in and for Broward County, Florida, where the same is now pending as Case No. CACE 21-012118 to this Court. Removal is proper on the following grounds:

1. Plaintiff commenced a civil action in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *LORETTA P. HERBERT MALONE vs. WAL-MART STORES EAST, LP*, Case No. CACE 21-012118. *See* Plaintiff's Complaint in the State Court Action attached hereto as an Exhibit.

2. The Summons and Complaint in this case were served upon Defendant, WAL-MART STORES EAST, LP, on or about June 23, 2021. *See* Service of Process attached hereto as Exhibit.

3. In pertinent part, Plaintiff Malone alleges that she was on the premises of the Walmart store located at 3001 North State Road 7, Lauderdale Lakes, Florida 33313 when she slipped and fell due to a liquid on the floor.

4.	Pursuant to Sections 1332, 1441(b) and 1446 of Title 28 of the United States Code, WAL-MART STORES EAST, LP, hereby removes the action in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *LORETTA P. HERBERT MALONE vs. WAL-MART STORES EAST, LP*, Case No. CACE 21-012118.

5.	Removal is proper and appropriate under 28 U.S.C §1332, which allows for District Court jurisdiction over, "all civil action where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. §§1332, 1441, 1446.

## Grounds for Removal

Plaintiff's action may be removed to federal court if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1332(a)(1) (stating the requirements for diversity jurisdiction).  As set forth below, this action satisfies both of these jurisdictional requirements.

Diversity of citizenship exists in this case, because this is a civil action between citizens of different states 28 U.S.C. § 1332(a)(1). In determining a person's citizenship for purposes of diversity jurisdiction, "citizenship is equivalent to 'domicile.'" McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. (citation and quotations omitted).  Furthermore, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity

jurisdiction, a party's domicile is equivalent to his citizenship." Katz v. J.C. Penney Corp., 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (internal citations omitted).

According to Plaintiff's Complaint, the Plaintiff is a resident of Broward County, Florida. Defendant Wal-Mart Stores East, LP, at all relevant times, was and still is a Delaware Limited Partnership with its principal place of business in Arkansas. See Sunbiz Report attached as Exhibit "A". WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

Second, this action satisfies the amount in controversy requirement for purposes of removal, because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees. Id. "[W]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. When considering the amount in controversy, district courts may "make 'reasonable deductions, reasonable inferences,

or other reasonable extrapolations,' " but are not required to "suspend reality or shelve common sense in determining whether" the papers establish the jurisdictional amount. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010).

Although Plaintiff's Complaint fails to allege a specific value of the requested relief, it alleges damages in excess of $30,000. The Plaintiff, in fact, seeks to recover damages exceeding $75,000.  In support of this position, Plaintiff has recently responded to supplemental discovery in this matter and has now provided medical bills totaling **$80,619.37**.  See Exhibit "B" identifying her medical bills attached hereto.  Furthermore and most importantly, the recent supplemental discovery disclosed for the first time an L4-5 microdiscectomy with laminotomy and thereafter, the production of the surgical bill for this procedure.  (Plaintiff's medical records have not been attached to this filing due to privacy concerns for the Plaintiff. However, should Plaintiff contest the amount in controversy, Defendant will submit to the Court via response a copy of the supporting medical records)  Furthermore, Plaintiff has asserted that discovery is ongoing, which in turn, would lead to an increase in medical expenses and has also alleged that she has sustained serious personal injuries, disability, disfigurement and mental anguish.  Indeed, Defendant believes that this issue is uncontested.

Accordingly, because the amount in controversy in this action exceeds the jurisdictional requirement and because citizenship of the parties are diverse, this action provides a basis for original diversity jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### Venue

Plaintiff's action is pending in state court in Broward County, Florida, which is within this judicial district and division. See 28 U.S.C §89(b). This Court is the proper venue for removal under 28 U.S.C. §§1441(a), 1446(a).

### Timeliness

As aforementioned, Defendant was served on June 23, 2021. Plaintiff responded to updated discovery on March 30, 2020 but failed to provide the actual attachments until April 25, 2022. See Defendant's Exhibit C attached hereto disclosing the production of the actual documents. On this date (April 25, 2022), Defendant first became aware of a lumbar microdiscectomy with laminotomy at L4-5 and production of the medical bill thereafter. As such, Defendant has now been placed on notice that the matter is removable pursuant to 28 U.S.C. § 1446(b)(3) (if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable) and § 1446c(3)(A) (If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).) Defendant has sought removal within thirty days from the date Plaintiff provided the actual discovery documents. Accordingly, this Notice of Removal is timely filed.

### Notice

As required by 28 U.S.C. § 1446(d), Defendant will serve written notice of this Notice of Removal to the Plaintiff and will file a copy of it with the clerk of the state court.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that this action, previously pending in the Circuit Court of the Eleventh Judicial Circuit in and for Broward County Florida, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, by and through its undersigned attorney, respectfully requests that this matter be removed and that this Honorable Court grant such other and additional relief as is otherwise proper.

Dated: May 25, 2022

Respectfully Submitted,

MARSHALL DENNEHEY

By: /s/ *Harris B. Kirsch*
Harris B. Kirsch
Florida Bar No.: 30873
hbkirsch@mdwcg.com
adwallain@mdwcg.com
Eric L. Reichenberger, Esq.
Florida Bar Number: 86219
elreichenberger@mdwcg.com
2400 E. Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
Telephone: 954-847-4920
Facsimile: 954-627-6640
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent by electronic mail electronic mail on May 25, 2022 to: Colin Richards Esq., Colin Richards Law P.A., ColinRichardsLaw@gmail.com, info@colinrichardlaw.com; 900 Osceola Drive, Suite 201, West Palm Beach, FL 33409

**MARSHALL DENNEHEY**
*Attorneys for Defendant*
2400 E. Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
Telephone: 954-847-4920
Facsimile: 954-627-6640

By: /s/ *Harris B. Kirsch*
Harris B. Kirsch
Florida Bar No.: 30873